# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
### WESTERN DIVISION

| | | |
|---|---|---|
| ABBIGALE CROWLEY, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 10-00325-CV-W-DGK |
| | ) | |
| v. | ) | |
| | ) | |
| JLG INDUSTRIES, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Pending before the Court is Plaintiffs' Motion to Remand. Doc. 6. Plaintiffs argue that

JLG's removal of this action was improper and seek to remand to state court and an award of

attorneys' fees. The Court has reviewed Plaintiffs' Motion to Remand, Plaintiffs' Suggestions in

Support, Defendant's Memorandum in Opposition and Plaintiffs' Reply Suggestions. Docs. 6-

9.[1] For the following reasons, Plaintiffs' Motion to Remand is GRANTED. The Court declines

to grant Plaintiffs attorneys' fees under section 1447(c).

## Background

In April 2009, Plaintiffs filed suit in the Circuit Court of Jackson County, Missouri,

against JLG and Larry Paige, doing business as Heartland Building ("Paige"), bringing claims

arising from the death of John Crowley ("Crowley"). Crowley died after a workplace accident

on August 8, 2008 near Olathe, Kansas. Initially, JLG admitted that it appeared that Plaintiffs'

petition legitimately joined Paige as a defendant to the lawsuit. Subsequently, JLG removed the

case to federal court on the grounds that Paige received a letter from Plaintiffs indicating that

---

[1] The parties have also filed multiple supplemental replies without requesting leave of courts. Docs. 19-20, 24. Pursuant to Local Rule 7.1(b), motions are fully-briefed after the Reply. Though the Court could have simply stricken these documents for failure to obtain leave to file, the Court has reviewed them and determined that the merits of the issue are not affected.

Plaintiffs did not intend to pursue claims against Paige. JLG asserts that this letter shows that Plaintiffs fraudulently joined Paige to defeat diversity jurisdiction. Paige has not answered Plaintiffs' complaint and Plaintiffs have not moved for default judgment against Paige.

In March 2010, JLG communicated with Paige for the first time regarding this litigation.[2] During a telephone call, JLG claims Paige allegedly indicated he had received a letter from Plaintiffs stating that they were not going to pursue any claims against him. JLG claims that Paige allegedly indicated he would attempt to locate this letter. To date, JLG has not received a copy of the letter. Plaintiffs' attorneys have signed affidavits stating they have never sent Paige a letter stating they would not pursue claims against him. Docs. 7-1 & 7-2. JLG claims that the letter Paige represented provides sufficient evidence that he was fraudulently joined. Furthermore, JLG claims their notice of removal is timely because it was filed within thirty days of receiving notice of the letter which JLG argues constitutes "other paper." Plaintiffs claim that JLG's removal was untimely because notice of other paper does not constitute receipt of other paper under the statute. Furthermore, Plaintiffs claim the letter does not exist and therefore neither Paige nor JLG will ever be able to produce the letter. Accordingly, Plaintiffs argue the case should be remanded to the Circuit Court of Jackson County, Missouri.

**Standard**

A defendant has the right to remove any action brought in state court over which the district courts of the United States have original jurisdiction. 28 U.S.C. § 1441(a). The party seeking removal must comply with certain procedural requirements. *Id.* Generally, a defendant must file a notice of removal in the district court within thirty days of receiving the initial pleading. 28 U.S.C. § 1446(b). However, "[i]f the case stated by the initial pleading is not

---

[2] JLG claims they had been searching for Paige for several months before they were able to find accurate contact information for him via an accident report filed by the Olathe Fire Department. JLG also claims that until that report was filed, in March of 2010, JLG had no means of communicating with Paige.

removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may be ascertained that the case is one which is or has become removable." *Id.* The applicable time limits are strictly construed in favor of state court jurisdiction. *Bachman v. A.G. Edwards, Inc.*, 2009 WL 2182345 (E.D. Mo. 2009). The removing defendant has the burden to prove that removal is proper and that all prerequisites are satisfied. *Hartridge v. Aetna Casualty & Surety Co.,* 415 F.2d 809, 814 (8th Cir. 1969). Any doubt is resolved in favor of state court jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108-09 (1941); *in re Business Men's Assurance Co. of America,* 992 F.2d 181, 183 (8th Cir. 1993).

**Discussion**

**1. JLG's Notice of Removal Was Untimely**

Plaintiffs served JLG with the original petition on May 11, 2009. Thereafter, JLG had thirty days to remove the case under section 1446(b). JLG did not file their Notice of Removal until April 6, 2010. Therefore, JLG's Notice of Removal was not timely filed unless the other paper exception to the general rule applies.

The term "other paper" is amorphous. The Eastern District of Missouri recently held that correspondence between attorneys qualifies as other paper under section 1446(b). *Bachman v. A.G. Edwards, Inc.,* 2009 WL 2182345 (E.D. Mo. 2009). Other courts agree that written correspondence between parties sufficiently constitutes "other paper" for purposes of removal. *See Efford v. Milam,* 368 F.Supp.23d 380, 386 (E.D. Pa. 2005) (holding a letter from plaintiff's counsel which established federal cause of action constituted "other paper"); *Polk v. Sentry Ins.*, 129 F. Supp. 2d 975, 979 (S.D. Miss. 2000) (holding "the correspondence at issue, under the proper circumstances, may be accorded 'other paper' status under the removal statute"); *Rahwar*

*v. Nootz,* 863 F. Supp. 191, 192 (D.N.J. 1994) (holding "correspondence between parties, similar to the statement of damages letter at issue in this case, specifically has been held sufficient to support removal"); *but see Woodward v. Employers Cas. Co.,* 785 F. Supp 90, 91 (S.D. Tex. 1992) (holding "the Court is unaware of any Fifth Circuit or Supreme court authority to support the proposition that removal can be based on the contents of a letter between counsel"); *Interior Glass Servs., Inc. v. FDIC,* 691 F. Supp. 1255, 1257 (D. Alaska 1988) (holding that a lawyer's letter does not constitute "other paper"). Despite the split in jurisdictions, a number of courts agree that letters of correspondence between attorneys constitute "other paper" under section 1446(b).

Plaintiffs argue that JLG failed to remove this action within thirty days of receiving the initial pleading under section 1441(a). Additionally, Plaintiffs assert that JLG's removal does not fall under the other paper exception because JLG never received a copy of the letter. Plaintiffs argue the removal was based solely on a telephone conversation between JLG and co-defendant Paige and therefore no "other paper" exists to remove under section 1446(b). Conversely, JLG argues that the Notice of Removal was timely filed because the other paper exception applies. JLG argues the exception applies because "notice" of the letter constitutes other paper under the rule. Furthermore, JLG argues that the exception was triggered on March 8, 2010, when counsel for JLG first received "notice" of the letter via telephone from co-defendant Paige. JLG asserts that because they filed their Notice of Removal on April 6, 2010, 29 days after triggering the exception, JLG's removal was timely under section 1446(b).

The issue turns on whether notice of other paper triggers the exception. Although the Court found pertinent authority suggesting that letters between counsel qualify as other paper under section 1446(b), JLG did not present any case law dealing only with notice of such other

paper and the Court is not aware of any such authority. Because section 1446(b) requires actual receipt, mere notice of the letter is not enough to trigger the exception. In supplemental briefing, JLG argues that Mr. Paige's sworn testimony shows that he was fraudulently joined. Mr. Paige now alleges that he had a meeting with Plaintiffs' attorney James Walker during which Mr. Walker told him "that there was nothing for [Paige] to worry about and that [Plaintiffs] were not going after [Paige]." Doc. 23-1 at 66:18-19. He also testified that he got a letter from Mr. Walker's office releasing him from liability. *Id.* at 67:8-9, 21-23. Even if true, this misses the point. JLG's removal was inarguably untimely, and it still has not received anything that qualifies as "other paper" which would allow for removal past the general statutory deadline. While Mr. Paige's sworn testimony is somewhat concerning to the Court, JLG is claiming release entirely on the testimony of a layman who is not entirely clear on what was said at this meeting and in the letter—which he cannot produce. The Court recognizes that remand orders are not appealable and that any future removal will be unavailable under section 1446(b) because more than year has passed since the commencement of this diversity case. However, JLG had many months to assess the validity of Mr. Paige's joinder and it is not appropriate to institute a removal regime wherein defendants remove without basis and then seek to find the evidence to support removal.

### Conclusion

JLG's Notice of Removal was untimely. To date, JLG has shown nothing that qualifies as "other paper" to extend the removal time. Therefore, Plaintiffs' Motion to Remand is GRANTED. Plaintiffs' request for attorneys' fees is DENIED.

**IT IS SO ORDERED**

Dated: September 3, 2010

 /s/ Greg Kays
GREG KAYS
UNITED STATES DISTRICT JUDGE